UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:05-CV-00029-R

KEVIN DUNLAP                                                                                    PLAINTIFF

v.

GRUPO ANTOLIN KENTUCKY, INC.                                                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff filed a Motion for Partial Summary Judgment. (Docket # 22). Defendant responded. (Docket # 26). Plaintiff did not file a reply. The matter is now ripe for adjudication. The Court now GRANTS Plaintiff's Motion for Partial Summary Judgment.

**BACKGROUND**

The following facts are uncontested by the parties. Plaintiff was an employee of Defendant between October 28, 2002, and January, 2004. Plaintiff was a member of the Kentucky National Guard, a branch of the "uniformed services" as defined under federal law. In early October, 2003, Plaintiff informed Defendant that he would be absent from work on the weekend of October 11, 2003, to perform his duties with the Kentucky National Guard. On October 11, 2003, Plaintiff engaged in "service in the uniformed services" as defined under federal law. In the course of his duties with the Kentucky National Guard, Plaintiff injured his knee. Plaintiff informed Defendant that he would be unable to immediately return to work.

Defendant granted Plaintiff up to twelve weeks of "FMLA leave" under the Family Medical Leave Act. Defendant was terminated in January, 2004, at the expiration of the FMLA leave. The parties agree that Plaintiff was entitled to up to two years of leave under USERRA,

the Uniformed Services Employment and Reemployment Rights Act, since his injuries were incurred during his service in the uniformed services. Plaintiff recovered and reported to his job in February, 2004. At the time, Defendant told Plaintiff that he could not be rehired because Defendant was laying off workers and there was no work available at that time. Defendant denied Plaintiff's repeated requests to return to work. Defendant acknowledges that it began hiring workers again in June, 2004, but that Plaintiff was not rehired. In August, 2004, Defendant placed an advertisement in the local newspaper seeking new employees, but Plaintiff was not rehired. That autumn, Defendant first advised Plaintiff that he must fill out an application for new employment before he would be considered for rehire. In November, 2004, Plaintiff did file a new application, but was not immediately rehired.

By February 10, 2005, Defendant had either hired or rehired ninety-nine (99) employees in positions similar to that held by Plaintiff, but had not rehired Plaintiff. Plaintiff filed this action claiming that Defendant violated USERRA and committed the state law tort of wrongful discharge. In March, 2005, thirteen months after Plaintiff first reported back to work, Defendant offered to reinstate Plaintiff to his position with an offer of the same pay and benefits he had on the day he left in October, 2003. Plaintiff declined, having found other employment. The issues in this litigation are whether Defendant properly denied Plaintiff reemployment until March, 2005, and whether Defendant properly offered Plaintiff his old job with no raise or promotion in March, 2005.

**STANDARD**

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986)). "The plaintiff must present more than a mere scintilla of evidence in support of her position; the plaintiff must present 'evidence on which the jury could reasonably find for the plaintiff.'" *Id.* (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment. "The mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.,* 90 F. 3d 1173, 1177 (6th Cir. 1996) (citing *Anderson*, 477 U.S. at 247-49).

## ANALYSIS

As a prerequisite to assert the protections of USERRA, Plaintiff is required to show that he is a member of the uniformed services, that his leave was taken due to his service in the uniformed services, that he was an employee, and that Defendant was his employer. 38 U.S.C. §§ 4303(3), (4)(A), (13), and (16). Plaintiff must also provide Defendant with advance notice of his leave to do his duties with the uniformed services and have reported to or submitted an application to the Defendant for reemployment. 38 U.S.C. §4312 (a). It is uncontested that Plaintiff met these prerequisites. Therefore, Plaintiff claims he was entitled to be "promptly reemployed... in the position of employment in which [Plaintiff] would have been employed if the continuous employment of [Plaintiff] with [Defendant] had not been interrupted by such service, or a position of like seniority, status and pay...."[1] 38 U.S.C. §4313 (a)(2)(A). The parties do not dispute that Plaintiff was not promptly reinstated to his former employment when he reported to Defendant in February, 2004. Furthermore, the parties agree that Plaintiff was offered no pay increase or promotion which he would normally earn through thirteen months of employment in March, 2005, when Defendant did offer him a job. Plaintiff claims that Defendant's failure to promptly reinstate Plaintiff to a job commensurate with the requirements of 38 U.S.C. §4313 (a)(2)(A) constitutes a violation of USERRA as a matter of law, making summary judgment on liability issues appropriate.

---

[1] 38 U.S.C. §4313(a)(2)(B) provides that Defendant might have reemployed Plaintiff in his position with his former salary as it existed immediately before he left to serve the Kentucky National Guard only if Plaintiff was not qualified to perform the duties of the more advanced position described in 38 U.S.C. §4313(a)(2)(A). Defendant has not claimed that Plaintiff lacked the qualifications to perform the duties described in 38 U.S.C. §4313(a)(2)(A).

Defendant contends that two exceptions create issues of fact about its liability. First, Defendant claims it was entitled to require Plaintiff to file a *written* application before Defendant was required to reemploy Plaintiff under 38 U.S.C. §4313 (e)(1)(C). Second, Defendant argues that it was not required to rehire Plaintiff because Defendant's circumstances had changed, making reemployment "impossible or unreasonable" under 38 U.S.C. §4313 (d)(1). The Court addresses whether issues of fact exist as to either of these defenses in turn, as well as whether violations of USERRA occurred to which these defenses do not apply.

Plaintiff argues that he satisfied the requirements of 38 U.S.C. §4312 (a)(3), requiring him to "report[] to, or submit[] an application for reemployment to[ Defendant] in accordance with the provisions of subsection (e)" in February, 2004, when he reported to work for reemployment. Plaintiff argues that no written application for rehire was required for him to assert his rights under USERRA. Defendant notes that Plaintiff's required method of application is set out in subsection (e), which states in applicable part:

> [A] person referred to in subsection (a) shall, upon the completion of a period of service in the uniformed services, notify the employer referred to in each subsection of the person's intent to return to a position of employment with such employer as follows:...
>
> [(1)](C) In the case of a person whose period of service in the uniformed services was for more than 30 days but less than 181 days, by submitting an application for reemployment with the employer not later than 14 days after the completion of the period of service...

38 U.S.C. § 4312 (e).

Defendant agrees that subsection (e)(1)(C) does not require a *written* application. In fact, the applicable regulation states that "[a]n application for reemployment need not follow any particular format. The employee may apply orally or in writing." 20 C.F.R. § 1002.116.

5

However, Defendant claims that it "was substantially compliant with the statute by requiring Mr. Dunlap to submit a written application."

The Court cannot agree. Defendant is not entitled to place additional requirements upon Plaintiff before he can gain reemployment under USERRA. The mandates of USERRA "supersede[] any State law (including any local law or ordinance, contract, agreement, policy, plan, practice, or other matter that reduces, limits, or eliminates in any manner any right or benefit provided by [USERRA], including the establishment of additional prerequisites to the exercise of any such right or the receipt of any such benefit." 38 U.S.C. § 4302(b). Thus, Defendant's obligation to reemploy Plaintiff began in February, 2004, when Plaintiff reported to work and orally applied for the return of his job.

Defendant also argues that it was not required to reinstate Plaintiff's employment because its circumstances had changed making "reemployment impossible or unreasonable." 38 U.S.C. § 4312(d)(1)(A). Defendant claims that it was experiencing a time of low work and was laying workers off in February, 2004, when Plaintiff reported back to work. Plaintiff does not contest Defendant's claim that it hired no new workers between February, 2004, and June, 2004. Yet, Defendant does not deny that it hired or rehired at least ninety-nine (99) employees between June, 2004, and March, 2005, when it first offered to reinstate Plaintiff.

While the parties cited no cases which directly interpret which circumstances make "reemployment impossible or unreasonable" under USERRA, Plaintiff did cite cases interpreting identical language under the Veterans Reemployment Rights Act, a precursor to USERRA. 38 U.S.C. § 2021(a)(1)(B) (1992). In *Cole v. Swint*, the Court of Appeals for the Fifth Circuit held

that, where an employer hired a replacement for a person protected by USERRA while he or she was participating in the uniformed services, the employer's circumstances had not changed enough to make rehiring the Plaintiff "impossible or unreasonable." *Cole v. Swint*, 961 F.2d 58 (5th Cir. 1992). The Fifth Circuit held that "[t]he purpose of the exemption is to allow employers who have eliminated a reservist's position or otherwise drastically changed their business to avoid rehiring someone for a job that no longer exists." *Id.* at 60. In *Fitz*, the Defendant, a schoolboard, refused to rehire Plaintiff, a teacher, for a full-time position after her four year stint in the military. The schoolboard had laid off seventy-five (75) tenured teachers and was contractually obligated to rehire those teachers as soon as positions were available. *Fitz v. Bd. of Educ. of the Port Huron Area Schs.*, 662 F.Supp. 1011, 1012-13 (E.D. Mich 1985). The Eastern District of Michigan, however, found that "'it is no excuse that another person has been hired to fill the position vacated by the veteran nor that no opening exists at the time of the reapplication.'" *Id.* at 1015 (quoting *Davis v. Halifax Cty. Sch. Sys.*, 508 F.Supp. 966, 968 (E.D. N.C. 1981) and citing *Bury v. Gen. Motors Corp.*, 476 F.Supp. 1262, 1267 (N.D. Ohio 1979)). This Court agrees with the logic of these cases. In enacting USERRA, Congress sought to preserve the livelihoods of members of the unformed services. We must construe the statutes liberally to effectuate that purpose. *Alabama Power Co. v. Davis*, 431 U.S. 81 (1977). In this case, the Court holds that, as a matter of law, mere low work load, layoffs, and a hiring freeze do not make reemployment impossible or unreasonable enough to invoke the exemption of 38 U.S.C. § 4312(d)(1)(A). Furthermore, Defendant has no basis for claiming the exemption after June, 2004, when it began hiring again.

## CONCLUSION

For the above reasons, the Court finds, as a matter of law, that Defendant was mandated by USERRA to promptly reinstate Plaintiff to his position, with raises and promotions he would have earned during his absence, after Plaintiff's request in February, 2004. Defendant did not comply with these requirements. Therefore, Plaintiff's Motion for Partial Summary Judgment is GRANTED, though issues on Plaintiff's state tort claims and damages remain. An appropriate Order shall issue.